**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30015 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-06012-EFS-1 |
| v. | |
| ELIJAH JACOB MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted November 2, 2010
Seattle, Washington

Before: B. FLETCHER, FERNANDEZ and BYBEE, Circuit Judges.

Defendant-Appellant Elijah Jacob Martinez appeals the district court's

denial of his motion to suppress, after which he entered a conditional guilty plea

for possession of a controlled substance with intent to distribute, 21 U.S.C. §

841(a)(1), and possession of a firearm by a prohibited person, 18 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

922(g)(1).  Because we find that the district court's denial of the suppression motion was appropriate, we affirm.

A district court's denial of a motion to suppress evidence is reviewed de novo, and its factual findings are reviewed for clear error.  *United States v. Fernandez-Castillo*, 324 F.3d 1114, 1117 (9th Cir. 2003).

A traffic stop for an observed infraction is reasonable under the Fourth Amendment.  *See Whren v. United States*, 517 U.S. 806, 810 (1996); *United States v. Willis*, 431 F.3d 709, 714-17 (9th Cir. 2005).  Once stopped, if the stopping officer reasonably suspects that the driver is involved in criminal activity, he may detain him for a reasonable time.  *See Terry v. Ohio*, 392 U.S. 1, 21-23 (1968); *United States v. Chavez-Valenzuela*, 268 F.3d 719, 726 (9th Cir.2001), *overruled on other grounds by Muelhler v. Mena*, 544 U.S. 93 (2005).  The district court found that Washington State Patrol Trooper Brian Luedtke's initial decision to stop Martinez's vehicle was supported by his observation that Martinez had swerved into Luedtke's lane, nearly striking the front of his patrol car.  Accordingly, the initial stop of Martinez's vehicle was reasonable.

As part of a traffic stop, an officer may ask the driver to step out of the car.  *Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977).  Furthermore, the officer may question the driver for reasons unrelated to the stop so long as the questions do not

unreasonably prolong the stop. *United States v. Turvin*, 517 F.3d 1097, 1103–04 (9th Cir. 2008). The scope of a *Terry* investigative stop may be expanded when officers observe additional grounds for suspecting criminal activity. *United States v. Mayo*, 394 F.3d 1271, 1276 (9th Cir. 2005). The district court found that Trooper Luedtke's decision to expand the stop was justified by the totality of the circumstances, recognizing that as the initial stop continued, additional grounds arose to suspect Martinez of having engaged in drug use. Accordingly, the pat-down of Martinez after the stop was reasonable.

Finally, the evidence seized was found pursuant to a valid search incident to arrest. Under the Supreme Court's recent decision in *Arizona v. Gant*, 129 S. Ct. 1710 (2009), a police officer may search an arrestee's vehicle incident to his arrest "only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" or "when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Id.* at 1719. The court below found that Luedtke properly searched Martinez's vehicle after arresting him for driving under the influence of drugs. Because Luedtke was searching for evidence of drug use, it is clear that he was searching for "evidence relevant to the crime of arrest."

**AFFIRMED.**